# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 207-003 |
| | * | |
| TIBURCIO GARCIA | * | |

## O R D E R

Presently before the Court is Tiburcio Garcia's Motion for Return of Property. (Doc. 73.) Mr. Garcia represents that upon his arrest, the police seized approximately $2,000 cash, luggage full of clothes, and "miscellaneous items."[1] (Id. at 2.) Mr. Garcia additionally states that the items and cash were "not proceeds of crime," "will not be used as evidence in the case as it cannot be traced to criminal conduct," and therefore "must be returned" to him. (Id. at 1.)

"A motion to return seized property under Fed. R. Crim. P. 41(g), is a motion in equity" that, if filed after the conclusion of the criminal case, is treated as a civil action. United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005). "Consequently, such Rule 41(g) actions are subject to the six-year statute of limitations found in 28 U.S.C. § 2401(a)." Baxter v. United States, 451 F. App'x 868, 870 (11th Cir. 2012) (per curiam). "Unlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed." Ctr.

---

[1] According to the Government, Mr. Garcia was arrested on December 14, 2006 following a consent search of his truck that revealed 22 bricks of cocaine and $1,586 cash in Mr. Garcia's front pocket. (Doc. 74 at 1.)

for Biological Diversity v. Hamilton, 453 F.3d 1331, 1334 (11th Cir. 2006) (internal quotations omitted).

Even assuming the statute of limitations began to run at the conclusion of Mr. Garcia's criminal case — when his conviction was affirmed on direct appeal — he is still outside of the six-year window.[2] A jury convicted Mr. Garcia of possession with intent to distribute cocaine on October 12, 2007. (Doc. 58.) Mr. Garcia timely filed a notice of appeal and his conviction was affirmed on July 9, 2008. (Doc. 66.) Mr. Garcia did not petition the Supreme Court for a writ of certiorari. Accordingly, Mr. Garcia's case concluded in July 2008, more than six years prior to the filing of his instant motion. Because the Court lacks jurisdiction over Mr. Garcia's motion (doc. 73), it is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this _9th_ day of June, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Mr. Garcia, who contends that the items had no relevance to his criminal conduct, certainly became aware of the seizure at the time of his arrest in December 2006. However, the Court need not address whether the statute began to run at that time because, under any calculation, Mr. Garcia's motion is untimely.

2